**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| JOHN BURKHOLDER,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM LIFE INSURANCE COMPANY OF AMERICA; USHEALTH ADVISORS, LLC; MICHAEL ALLOCCO; CLERCY GAINES, II; and ANTHONY “Sage” HOHENKIRK. | CASE NO.: 6:24-CV-00923-WWB-RMN<br><br>**CIVIL ACTION**<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff John Burkholder ("Plaintiff") brings this First Amended Complaint ("Complaint") alleging on personal knowledge, investigation, information and belief, as follows:

## NATURE OF THE ACTION

**1.** The Plaintiff, John Burkholder ("Plaintiff"), brings this action against Defendants, Freedom Life Insurance Company of America ("Freedom"); USHealth Advisors, LLC ("USHealth"); Michael Allocco ("Allocco"); Clercy Gaines, II ("Gaines"); and Anthony "Sage" Hohenkirk ("Hohenkirk") for their

violations of Federal and State telemarketing laws as well as intruding into the seclusion of Plaintiff.

**2.** The Corporate Defendants, Freedom and USHealth, are licensed to sell insurance products across several jurisdictions throughout the United States using licensed agents to engage in the pattern and practice of unsolicited and unwelcomed SMS/Texts and calls to market their products to individuals, like and including the Plaintiff.

**3.** The Individual Defendants, Allocco, Gaines, and Hohenkirk committed these acts and torts while acting as agents on behalf of the Corporate Defendants are nevertheless individually liable by their violations of Florida and Federal laws, as well as their repeatedly intruding into the quiet solitude of the Plaintiff.

**PARTIES**

4. Plaintiff John Burkholder is an individual residing in Kissimmee, Florida.

5. Defendant Freedom, is a Texas domiciled business, registered as a business entity on SunBiz.org and operating as a "Life and Health Insurer" in Florida under a Certificate of Authority.

6. Defendant, USHealth, is a Texas domiciled business and as a registered business entity on SunBiz.org operating as an "Agency" under a license issued by the State of Florida.

7. Defendant, Allocco, is a Florida licensed insurance agent, who is designated by USHealth as its "Agent in Charge" with the Florida Office of Insurance Regulation. Allocco has special obligations and responsibilities under Fla. Stat. § 626.0428 to ensure that all agents under his charge follow relevant laws related to the solicitation of insurance products.

8. Defendant, Gaines is a Florida licensed agent for and appointed by Freedom to solicit its products.

9. Defendant, Hohenkirk is a Florida licensed agent for and appointed by Freedom to solicit its products.

**JURISDICTTION**

10. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and, therefore, this Court has federal question jurisdiction.

11. Jurisdiction is proper under 28 U.S.C. § 1367 as this Court has supplemental jurisdiction over contacts that violate related state laws, are not novel or complex, and have not been dismissed in the state court with original jurisdiction. That supplemental jurisdiction includes Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 and the Florida Telemarketing Act ("FTA"), Fla. Stat. § 501.601.

12. This Court further has Jurisdiction over the Tort of Intrusion upon Seclusion claim because it arose through the violations of federal law and the state laws from which this Court has jurisdiction.

## VENUE

13. Venue is proper in the United States District Court for Middle District of Florida under 28 U.S.C. § 1391 (b) and (c) because the Defendants subjected themselves to the Courts personal jurisdiction by marketing their products to the Plainitf, a citizen in the Court's jurisdiction and thereby establishing personal jurisdiction of this Court.

## STANDING

14. Plaintiff has standing under *Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023) (en banc) which held that a single "unwanted, illegal" text was sufficient to establish the concrete injury needed for standing. The *Drazen* Court in analyzing the standing issue compared the harm of unwanted texts with that of the tort of intrusion onto seclusion in which an intrusion into the solitude of another in a manner in which could be highly offensive to a reasonable person. Please see *Drazen* at 1346. Plaintiff received, at least, 29 SMS texts or calls.

## FACTUAL ALLEGATIONS

15. Plaintiff is the sole user of cell phone number (954) XXX-8003 and has used it for personal use and as a residential number since 2012.

16. Plaintiff maintains other cell phones and has other numbers for business purposes.

17. Plaintiff placed all the Defendants on notice that unsolicited telephonic contact was unwanted and unwelcome by registering this personal cell phone on the Federal Trade Commission's Do-Not-Call Registry on July 12, 2016, and on Florida's Do Not Call List on April 1, 2018. Please see 47 C.F.R. § 64.1200(c)(2); 47 U.S.C §§ 227(c)(3)(F) and Fla. Stat. § 501.059(l)(4) (2023).

18. On October 10, 2022, at 11:35 a.m., Plaintiff received a SMS TEXT to this personal cell phone soliciting health insurance which requested a reply of "yes" for quotes or "no" if "I was all set". Plaintiff responded "No". Further placing the Defendants on notice. Please see Exhibit 1.

19. At least, twenty-eight (28) SMS Texts or calls followed the October 10, 2022 reply. Please see Exhibit 2.

20. Plaintiff was bombarded by cell phone calls from SmartMatch Insurance Agency, LLC, and its agents, including agents appointed by UnitedHealthcare affiliated companies – like the defendants herein. Plaintiff issued a Demand on October 20, 2023, and when that was unsuccessful in stopping the harassment, the Plaintiff subsequently filed suit on December 1, 2023, styled as *Burkholder v. SmartMatch Insurance Agency, LLC, et. al.*, No. 2023-CA-004959-OC (Fla. 9th Jud. Cir. Ct.). Please see Exhibit 3. UnitedHealthcare of Florida, Inc. and

UnitedHealthcare Insurance Company, indirect parents of Corporate Defendants, were Defendant parties to that lawsuit. Please see ECF at 10 and Exhibit 4. Providing, at least the fourth (4th), notice that Plaintiff wasn't interested in unsolicited calls. Despite a confidential settlement agreement in that matter, the Corporate Defendants and their agents continue to make unwelcome calls and SMS Texts to Plaintiff's personal cell phone.

21. Plaintiff has not provided written consent as required by the Federal Communications Commission and Florida law. Please see *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) and Fla. Stat. § 501.059(g) (2023).

22. Plaintiff was contacted outside of the permissible hours as prohibited by 47 C.F.R. § 64.1200 (a)(12)(c)(1) and Fla. Stat. § 501.616 (2023). Please see Exhibit 2.

23. Defendants failed to identify themselves as required by 47 U.S.C. § 227(e); 47 C.F.R. § 64.1601(e); Fla. Stat. § 501.613 (2023); and Fla. Stat. § 501.616(7)(b) (2023). Please see Exhibit 2.

24. Plaintiff received an excessive number of calls within a 24-hour period as prohibited by Fla. Stat. § 501.616 (6)(b) (2023). Please see Exhibit 2.

25. Plaintiff received calls from unlicensed parties in violation of Fla. Stat. § 501.059 (2023). Please see Exhibit 3.

26. Corporate Defendants and their affiliated organization are serial violators of the Telephone Consumer Protection Act and its State version across most, if not all, Federal Court Jurisdictions and continue to violate these laws for their own enrichment and to the detriment of the Plaintiff.

## COUNT I
## Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

27. Plaintiff realleges and incorporates by reference paragraphs 1-26 of this Complaint as if fully set forth herein.

28. Defendants violated 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2) by initiating or causing to be initiated, non-emergency solicitation SMS Texts and calls to the Plaintiff's personal cell phone which was registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls.

29. Plaintiff is entitled to damages of $500 for each violation under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200.

30. Plaintiff respectfully requests this Honorable Court find these violations as knowing and/or willful and treble the damages to $1,500 per violation pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
## FAILURE TO SUPERVISE TELEMARKETING ACTIVITIES REQUIRED BY 47 U.S.C § 227 AND 47 C.F.R. § 64.1200

31. Plaintiff realleges and incorporates by reference paragraphs 1-30 of this Complaint as if fully set forth herein.

32. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." Those procedures must include, at least, the following:

(1) Written Policy.

(2) Training.

(3) Record do-not-call requests, maintain and share with internal and affiliated parties and honor such requests no later than 30 days from the request.

(4) Identify the name of the caller, the entity on whose behalf the call was made and a telephone number or address to contact the entity.

(5) Maintenance of do-not-call lists.

Defendants called the Plaintiff without implementing the internal compliance procedures required.

33. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a

private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. Please see 47 U.S.C. § 227(c)(5).

34. Defendants or others on their behalf initiated a call to the Plaintiff on February 18, 2024, at 9:10 p.m. in violation of Federal and Florida Law. Exhibit 2. Please see 47 C.F.R. § 64.1200(12)(c)(1) and Fla. Stat. Ann. § 501.616(6)(a).

35. Defendants knowing and willfully violated 47 U.S.C. § 227(c)(5) and, therefore the Plaintiff is entitled to treble damages for each violation.

## COUNT III
## VIOLATIONS OF THE FLORIDA TELEPHONE SOLICITATION ACT ("FTSA") FLA. STAT. § 501.059

36. Plaintiff realleges and incorporates by reference paragraphs 1-35 of this Complaint as if fully set forth herein.

37. Defendants knowingly and willfully initiated or caused to be initiated telephonic sales calls to the Plaintiff [for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes] after the Plaintiff provided several notices that he did not want those unsolicited calls. Please see Fla. Stat. § 501.059(1)(j) (2023) and Fla. Stat. § 501.059(1)(k) (2023).

38. Plaintiff did not provide the "*prior express written consent*" as required by Fla. Stat. § 501.059(1)(g) (2023). In fact, the Plaintiff was registered on Do Not Call Registries for the United States and Florida, expressed no further contact on the initial call, and further filed suit against affiliated entities of the corporate Defendants, styled as *Burkholder v. SmartMatch Insurance Agency, LLC, et. al.*, No. 2023-CA-004959-OC (Fla. 9th Jud. Cir. Ct.), which was resolved by a confidential settlement agreement.

39. Florida prohibits the use of an autodialer to make a "telephonic sales call" without prior express written consent of the called party and a SMS Text falls within the definition of a call under Fla. Stat. Ann. § 501.059 (2023). Upon reason and belief, the Defendants sent or had others send the SMS Texts in violation of Florida law.

40. Plaintiff is entitled to treble damages of $1,500 for each of these violations under Fla. Stat. § 501.059(10)(b) (2023) as the SMS Texts and calls were willfully and knowingly made.

41. Plaintiff further requests this Court enjoin Defendants and affiliated parties from further unsolicited contact under Fla. Stat. § 501.059(10)(a) (1) (2023).

## COUNT IV
## VIOLATIONS OF THE FLORIDA TELEMARKETING ACT ("FTA") FLA. STAT. § 501.601

42. Plaintiff realleges and incorporates by reference paragraphs 1-41 of this Complaint as if fully set forth herein.

43. Corporate Defendants Freedom and USHealth appointed the individual Defendants to act on their behalf as "health agents". Florida defines a "health agent" under Fla. Stat. § 626.829(1) (2023) as "*any person appointed as agent by an insurer to solicit applications for or to negotiate and effectuate contracts of health insurance*". The corporate Defendants further elevated Allocco as the "Agent in Charge" which is under Fla. Stat. § 626.0428 (d) (2023) "*the licensed and appointed agent who is responsible for the supervision of all individuals within an insurance agency location, regardless of whether the agent in charge handles a specific transaction or deals with the general public in the solicitation or negotiation of insurance contracts or the collection or accounting of moneys [ ]*" and "*is accountable for misconduct or violations of this code committed by the licensee or agent or by any person under his or her supervision while acting on behalf of the agency.*" The individual Defendants are both individually responsible for their wrongful acts, misconduct, and violations and the corporate Defendants are liable through the statutory, actual, or apparent authority granted to these individual Defendants as their appointed agents.

44. Florida further recognizes under Fla. Stat. § 626.839 (2023) the accountability of Allocco and any other "*health insurance agent who is an officer,*

*director, or stockholder of an incorporated health insurance agency*" as and "*shall remain personally and fully liable and accountable for any wrongful acts, misconduct, or violations of any provisions of this code committed by such licensee or by any person under his or her direct supervision and control while acting on behalf of the corporation.*". That statute subjects Allocco and other members it that class as " *criminally liable or subject to any disciplinary proceedings for any act unless such person personally committed or knew or should have known of such act and of the facts constituting a violation of this chapter.*" Given the number of violations and pattern and practice illustrated by the significant number of lawsuits across the country it is difficult to believe that Allocco, and perhaps others, did not know or should have known that these violations were occurring.

45. Florida requires, under Fla. Stat. Ann. § 626.551 (2023), insurance licensees to maintain, with the Florida Office of Insurance Regulation, and advise of any changes within thirty (30) days their name, residence address, principal business street address, mailing address, contact telephone numbers, including a business telephone number, or e-mail address. None of the individual Defendants, Allocco, Gaines, nor Hohenkirk had accurate addresses on file for service of process. Upon Plaintiff's reason and belief, the failure to provide accurate business contact information is further evidence of the pattern of deceptive practices of these defendants. At the core of the TCPA, FTSA, and FTA is to be

transparent to the public. Here is took over two dozen interactions to learn the two of the true callers.

46. Commercial telephone sellers and salesperson are required to be licensed to solicit through telemarketing under Fla. Stat. Ann. §§ 501.616(2),(3),(4), & (5). Florida does not show Messrs. Allocco, Gaines, or Hohenkirk as licensed nor is Freedom Life or USHealth Advisors, LLC. The content of several SMS Tests are from persons that indicate they are not licensed in transact insurance and must transfer the called party to someone who is licensed.

47. Florida prohibits telemarketing calls after 8:00 p.m. under Fla. Stat. Ann. § 501.616(6)(a). Plaintiff was contacted by SMS Text on February 18, 2024, at 9:10 p.m. in violation of Federal and Florida law. Please See. Fla. Stat. Ann. § 501.616(6)(a) and 47 C.F.R. § 64.1200(12)(c)(1).

48. It is also impermissible to block the name or number from showing up on the caller identification system. Upon Plaintiff's reason and belief several of the SMS Text violations were not from the true sending number and the caller and entity was not disclosed as required under Florida Law. See Fla. Stat. Ann. § 501.616(7)(b).

49. Florida prohibits telemarketers under its excessive calls statute, Fla. Stat. Ann. § 501.616(6)(b), to make more than three calls within a twenty-four-hour

period. Defendants caused or had others call the Plaintiff several times in violation of Florida law.

50. Florida prohibits telemarketers, under Fla. Stat. Ann. § 501.616(7)(b), from blocking or otherwise preventing the called party from identifying the caller. Upon Plaintiff's reason and belief several of the SMS Text violations were not from the true sending number and the caller and entity was not disclosed as required under Florida Law.

## COUNT V
## INTRUSION UPON SECLUSION

51. Plaintiff realleges and incorporates by reference paragraphs 1-49 of this Complaint as if fully set forth herein

52. Plaintiff has, as outlined above, provided Defendants with multiple notices to stop these unsolicited and unwelcome contacts by registering on Federal and Florida Do-Not-Call registries, directly expressing no further contact, and even litigation – but the calls continued.

53. Defendants' continued behavior violates Florida law. Under Fla. Stat. Ann. § 365.16(1)(b)(c), "Whoever" – "*Makes a telephone call, whether or not conversation ensues, without disclosing his or her identity and with intent to annoy, abuse, threaten, or harass any person at the called number;*" or "*Makes or causes the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number[.]*" is guilty of a misdemeanor.

54. The Eleventh Circuit, sitting *En Banc*, found in *Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023) that *"[T]he harm associated with an unwanted text message shares a close relationship with the harm underlying the tort of intrusion upon seclusion." Id* at 17.

55. The Restatement (Second) of Torts § 652B (Am. L. Inst. 1965) describes the tort of Intrusion upon Seclusion as:

> *"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."*

The *Drazen* Court, citing to *Jackman v. Cebrink-Swartz*, 334 So. 3d 653, 656 (Fla. Dist. Ct. App. 2021), agreed that unwanted phone calls meet all of the elements of the Intrusion upon Seclusion tort. *Drazen* at 16.

56. The Defendants' behavior of anonymously sending numerous SMS Texts is excessive – especially after multiple notices to stop is sufficiently grievous to meet the burden of being "*highly offensive to a reasonable person*" as it is to the Plaintiff.

57. While the number of calls and violations of various federal and Florida law fulfill the elements of Intrusion upon Seclusion alone, the Defendants' behavior is especially egregious given a confidential settlement agreement was entered into in January of this year and the calls continued.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests and prays to this Court for the following relief:

1. An Order declaring the Defendants' actions, as set out above, as violative of the Telephone Consumer Protection Act ("TCPA"), the Florida Telephone Solicitation Act ("FTSA"), and the Florida Telemarketing Act ("FTA").

2. An Order finding that Defendants' actions committed the Tort upon Seclusion against the Plaintiff.

3. An award of actual and statutory damages for each violation.

4. An award of treble damages for each violation.

5. An injunction prohibiting Defendants and any affiliated parties from further unsolicited contact with Plaintiff.

6. Such further and other relief the Court deems reasonable and just.

Dated: June 30, 2024

Respectfully submitted,

BY: /S/ John Burkholder
John Burkholder, Plaintiff *Pro Se*
4410 Seven Canyons Dr.
Kissimmee, FL 34746
(954) 999-8003
John@BurkholderLaw.com

# APPENDIX

EXHIBIT #1: Screenshot of October 10, 2022, SMS Text Exchange;

EXHIBIT #2: Calls Spreadsheet;

EXHIBIT #3: *Burkholder v. SmartMatch Insurance Agency, LLC*, et. al. No. 2023-CA-004959-OC (Fla. 9th Jud. Cir. Ct.) Complaint; and

EXHIBIT #4: Corporate Disclosure Statement at ECF 10.