EXHIBIT #3:

*Burkholder v. SmartMatch Insurance Agency, LLC*, et. al. No. 2023-CA-004959-OC (Fla. 9th Jud. Cir. Ct.) Complaint.

**IN THE CIRCUIT COURT OF THE NINETH JUDICIAL CIRCUIT**
**IN AND FOR OSCEOLA COUNTY, FLORIDA**

John Burkholder,

Plaintiff,

v. Case No:

SmartMatch Insurance Agency, LLC;
Mark Hunter, Individually and as Agent in Charge;
Derek Daley;
Nicholas Taskalos;
OneStep Agency, Inc.;
ACE Property and Casualty Insurance Company;
AETNA Health Inc.;
AETNA Life Insurance Company;
Care Improvement Plus South Central Insurance Company;
CarePlus Health Plans, Inc.;
Humana Health Insurance Company of Florida, Inc.;
Humana Insurance Company;
Humana Medical Plan, Inc.;
Nationwide Life and Annuity Insurance Company;
Nationwide Life Insurance Company;
Preferred Care Network, Inc.;
Preferred Care Partners, Inc.;
Silverscript Insurance Company;
Simply Healthcare Plans, Inc.;
Tier One Insurance Company;
UnitedHealthcare Insurance Company;
UnitedHealthcare of Florida, Inc.; and
Wellpoint Life and Health Insurance Company.

Defendants

______________________________________/

**COMPLAINT**

COMES NOW Plaintiff John Burkholder ("Plaintiff") and brings this Complaint against SmartMatch Insurance Agency, LLC, a Florida licensed insurance Agency; Mark Hunter, a Florida licensed insurance agent Individually and as Agent in Charge for SmartMatch Insurance

Agency, LLC; Derek Daley, a Florida licensed insurance agent with SmartMatch Insurance Agency, LLC; Nicholas Taskalos (an unlicensed individual conducting telemarketing in Florida); OneStep Agency, Inc. (an unregistered and unlicensed entity conducting telemarketing in Florida); ACE Property and Casualty Insurance Company; AETNA Health Inc.; AETNA Life Insurance Company; Care Improvement Plus South Central Insurance Company; CarePlus Health Plans, Inc.; Humana Health Insurance Company of Florida, Inc.; Humana Insurance Company; Humana Medical Plan, Inc.; Nationwide Life and Annuity Insurance Company; Nationwide Life Insurance Company; Preferred Care Network, Inc.; Preferred Care Partners, Inc.; Silverscript Insurance Company; Simply Healthcare Plans, Inc.; Tier One Insurance Company; UnitedHealthcare Insurance Company; UnitedHealthcare of Florida, Inc.; and Wellpoint Life and Health Insurance Company, (individually and collectively as “Defendant(s)”) for violations of the Florida Telephone Solicitation Act (“FTSA”), Fla. Stat. § 501.059, the Florida Telemarketing Act, § 501.601 F.S., and the Telephone Consumer Protection Act (“TCPA”), 47 U.S.C. § 227 in the process of intruding into the seclusion and violating the privacy of the Plaintiff and alleging as follows:

## NATURE OF THE ACTION

1. This action is filed under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (FTSA), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), for the statutory violations therein and the invasion of privacy, intrusion upon seclusion as defined by Section 652B of the Restatement (Second) of Torts of the Plaintiff, by Defendants, directly, vicariously, and in concert with yet identified other codefendants as their “partners” , “agents”, “employees”, or coconspirators.

2. Defendant(s) individually and collectively promote goods and services by engaging in telephonic sales calls in violation of the FTSA and or TCPA directly and through "referral agents" or others to intrude upon the seclusion and privacy of Plaintiff.
3. Plaintiff has been aggrieved by the Defendant(s)' unlawful conduct, which adversely affected and infringed upon his legal rights not to be subjected to the illegal acts at issue.
4. Through this action, Plaintiff seeks statutory damages, injunctive relief, and any other available legal or equitable remedies within the power of this Honorable Court resulting from the unlawful and tortious actions of the Defendant(s) individually or collectively.

**PARTIES**

5. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) and the is further prohibited under 47 U.S.C. § 227(b)(3) in that Plaintiff was the regular user of telephone number ***-***-8003 ("Plaintiff's Telephone Number") which that has been on Florida's Do Not Call List since April 1, 2018 and the Federal Trade Commission's Do-Not-Call Registry since July 12, 2016 and received Defendant(s)' telephonic sales calls.
6. Defendant, SmartMatch Insurance Agency, LLC (SmartMatch); is a Missouri domiciled business and as a registered business entity on SunBiz.org and "doing business in this state" as defined by Fla. Stat. § 501.059(1)(e) that is licensed to transact insurance in Florida for and on behalf of the Insurer Defendants but is not licensed to make unsolicited telephonic sales calls under Florida Law. SmartMatch lists Mark Hunter, a Florida licensed insurance agent, as its "Agent in Charge" with the Florida Office of Insurance Regulation, Fla. Stat. § 626.0428 (d) states in part "... *an "agent in charge" is the licensed and appointed agent who is responsible for the supervision of all individuals*

*within an insurance agency location, regardless of whether the agent in charge handles a specific transaction or deals with the general public in the solicitation or negotiation of insurance contracts or the collection or accounting of moneys.*" Fla. Stat. § 626.0428 (e) provides in part "*An agent in charge of an insurance agency* *is accountable for misconduct or violations of this code committed by the licensee or agent or by any person under his or her supervision while acting on behalf of the agency.*" Emphasis added. Derek Daley is a Florida licensed agent for the insurer Defendants through SmartMatch and Mark Hunter. The insurer Defendants: ACE Property and Casualty Insurance Company; AETNA Health Inc.; AETNA Life Insurance Company; Care Improvement Plus South Central Insurance Company; CarePlus Health Plans, Inc.; Humana Health Insurance Company of Florida, Inc.; Humana Insurance Company; Humana Medical Plan, Inc.; Nationwide Life and Annuity Insurance Company; Nationwide Life Insurance Company; Preferred Care Network, Inc.; Preferred Care Partners, Inc.; Silverscript Insurance Company; Simply Healthcare Plans, Inc.; Tier One Insurance Company; UnitedHealthcare Insurance Company; UnitedHealthcare of Florida, Inc.; and Wellpoint Life and Health Insurance Company are licensed by the State of Florida to transact a line of authority (kind, line, or class of insurance) through licensed representatives. Insurers are statutorily liable for the people and entities they have appointed to act as their representatives pursuant to Fla. Stat. § 626.342(2) and civilly under Florida Case Law. Nicholas Taskalos and OneStep Agency, Inc. perform telemarketing services for SmartMatch, Mark Hunter, and Derek Daley as agents of the appointing Insurer Defendants. OneStep Agency Inc. is not registered on Sunbiz.org as an entity authorized to conduct business in Florida. Neither Nicholas Taskalos nor OneStep Agency Inc. are

licensed or registered to conduct telemarketing services in Florida or to Florida residents. Upon further information and belief those Defendants were acting in concert with other unidentified parties in violation of Florida and Federal law and magnifying the tortious conduct against the Plaintiff.

7. Defendant(s) are "Person(s)" as defined by Fla. Stat. § 1.01(3).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 26.021(2) and 47 U.S.C. §§ 227(c)(3) & (5). The matter in controversy exceeds the sum or value of $50,000.00 exclusive of interest, costs, and attorney's fees.

9. Defendant(s) are subject to personal jurisdiction because this suit arises out of and relates to Defendants' contact and conduct in violation of the FTSA, the TCPA, and its related tortious conduct were made against the Plaintiff a resident of Osceola County.

10. Venue in this Court is proper because the Plaintiff resides here and Defendant(s)' complained of conduct was directed into Osceola County and its Citizen.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Plaintiff was the regular user of the Plaintiff's Telephone Number.

12. Plaintiff's Telephone Number was placed on the Federal Trade Commission's National Do-Not-Call Registry on July 12, 2016 and Florida's Do No Call list on April 1, 2018.

13. Defendant(s)' made, or knowingly allowed to be made, a "telephonic sales call" as defined by Fla. Stat. § 501.059(1)(j) and in further violation of 47 U.S.C. § 227 to Plaintiff's Telephone Number to solicit the sale of goods or services, and/or obtain information that will or may be used in the solicitation of the sale of goods or services.

14. A person identifying themselves as Derek Daley was on one of the offending calls. He confirmed his identity by providing his Florida license number issued by the Florida Office of Insurance Regulation and sent the Plaintiff an email from his SmartMatch email address.

15. During the conversation Derek Daley represented himself as an agent of several of the insurer defendants specifically by name and referenced the others were listed on the Florida Office of Insurance Regulation website.

16. After the Plaintiff requested that these calls cease, he was subsequently bombarded by numerous calls throughout the following days. The content of which were clearly designed solely to harass the Plaintiff.

17. Upon information and belief, some or all of the telephonic communications described above likely involved an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when connected.

18. The telephonic sales calls were made without Plaintiff's "[p]rior express written consent" as defined by Fla. Stat. § 501.059(1)(g) or such consent had been withdrawn before the offending contact was made.

19. Plaintiff's Telephone Number is assigned to a cellular phone. Plaintiff resides in, operates, and the cellular phone in the State of Florida and this Court's jurisdiction.

20. All conditions precedent to the filing of this action have occurred or been waived.

**COUNT I**
**VIOLATIONS OF FLA. STAT. § 501.059**

21. Plaintiff re-alleges and incorporates the forgoing allegations as if fully set forth herein.

22. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer good or

services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes. Fla. Stat. § 501.059(1)(g).

23. "Prior express written consent" means an agreement in writing that:

    1. Bears the signature of the called party;

    2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

    3. Includes the telephone number to which the signatory authorizes a telephone sales call to be delivered; and

    4. Includes a clear and conspicuous disclosure informing the called party that:

        a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of the telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

        b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such agreement as a condition of purchasing any property, goods or services.

Fla. Stat. § 501.059(1)(g).

24. Defendant(s) failed to secure prior express written consent from Plaintiff or any such alleged consent had been revoked prior to the offending incidents.

25. In violation of the FTSA, Defendant(s) made and/or knowingly allowed telephonic sales calls to be made to Plaintiff without express written consent.

26. Defendant(s) made and/or knowingly allowed the telephonic sales calls to the Plaintiff utilizing an automated system for the selection or dialing of telephone numbers.

27. Defendant(s)' violation of Fla. Stat. § 501.059(8)(a) was willful or knowing, in that at all times material hereto Defendant(s) knew or should have known that the Plaintiff was on the Federal Trade Commission's National Do-Not-Call Registry and Florida's Do No Call list and therefore any call, including any telephonic sales call involving an automated system for the selection or dialing of telephonic numbers or the playing of a recorded message when a connection is completed to the Plaintiff.

28. As a result of Defendant(s)' conduct, and pursuant to Fla. Stat. §§ 501.059(10) and (11), Plaintiff was aggrieved and is, therefore, entitled to recover damages, costs, attorney's fees from the Defendant(s) and is entitled to an injunction against further calls.

29. Plaintiff respectfully requests this Honorable Court to enter an Order granting the relief outlined in the Prayer For Relief below.

**COUNT II**
**INJUNCTIVE RELIEF PURSUANT TO FLA. STAT. § 501.059(10)(a)**

30. Plaintiff re-alleges and incorporates the allegations set forth paragraphs 1 through 26 as if fully set forth herein.

31. Plaintiff seeks injunctive relief prohibiting Defendant(s) further unlawful conduct of any future unsolicited calls and practices pursuant to Fla. Stat. § 501.059(10)(a).

32. Defendant(s)' ongoing and continuing violations have caused, and in the absence of an injunction will continue to suffer irreparable harm.

33. The Public interest will be served by an injunction requiring Defendant(s) to follow Federal and Florida law by implementing policies and procedures respecting Do-Not-Call registrations and secure express written consent before engaging in unsolicited communications to parties.

34. The injuries to the Plaintiff and Public far outweigh any cost or harm to the Defendant(s) if enjoined from continuing this conduct.

35. Plaintiff respectfully requests this Honorable Court to enter an Order granting the relief outlined in the Prayer For Relief below.

**COUNT III**
**VIOLATIONS OF 47 U.S.C. § 227 and 47 C.F.R. § 64.1200**

36. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

37. TCPA's regulation, 47 C.F.R. § 64.1200(c), states that "[n]o person or entity shall initiate any telephone solicitation "to" a person "who has registered his or her number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

38. Under 47 C.F.R. § 64.1200(e) provides that 47 C.F.R. § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarking calls to wireless telephone numbers."

39. Defendant(s) violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to subscribers of the Federal Trade Commission's National Do-Not-Call Registry. The TCPA allows aggrieved parties to bring a private action for violating these regulations under for a 47 U.S.C. § 227(c).

40. Plaintiff is entitled to $500 in damages for each violation of 47 C.F.R. § 64.1200. To the extent Defendant(s)' misconduct is willful and knowing the Court should, pursuant to 47 U.S.C. § 227(c)(5) treble the amount of statutory damages recoverable by Plaintiff. Plaintiff respectfully requests this honorable Court to weigh the extensive period of time

Plaintiff has been on the Federal and Florida's Do-Not-Call lists and made other requests for these calls to cease.

41. Plaintiff respectfully requests this Honorable Court to enter an Order granting the relief outlined in the Prayer For Relief below.

**COUNT IV**
**VIOLATIONS OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**

42. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

43. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list. (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests*. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

44. Pursuant to 47 C.F.R. § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) apply to any person or entity making telephone solicitations or telemarking calls to wireless telephone numbers.

45. Defendant(s) violated 47 C.F.R. § 64.1200(d) by failing to (1) maintain written policies; (2) train its telemarking personnel; and (3) maintain a standalone do-not-call list.

46. Plaintiff is entitled to $500 in damages for each violation of 47 U.S.C. § 227(c)(5). To the extent Defendant(s)' misconduct is willful and knowing the Court should, pursuant to 47 U.S.C. § 227(c)(5) treble the amount of statutory damages recoverable by Plaintiff. Plaintiff respectfully requests this honorable Court to weigh the extensive period of time Plaintiff has been on the Federal and Florida's Do-Not-Call lists and other requests for these calls to cease.

47. Plaintiff respectfully requests this Honorable Court to enter an Order granting the relief outlined in the Prayer For Relief below.

**COUNT V**
**<u>INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 and 47 C.F.R. § 64.1200</u>**

48. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

49. Plaintiff seeks injunctive relief prohibiting Defendant(s) further unlawful conduct of any future unsolicited calls and practices pursuant to 47 U.S.C. § 227(c)(5)(A) and 47 C.F.R. § 64.1200(c) and (d).

50. Defendant(s)' ongoing and continuing violations have caused, and in the absence of an injunction will continue to suffer irreparable harm.

51. The Public interest will be served by an injunction requiring Defendant(s) to follow Federal and Florida law by (1) implementing policies and procedures respecting Do-Not-Call registrations; (2) regularly scrub its database(s) of telephone numbers against all applicable Do-Not-Call lists; (3) secure express written consent before engaging in unsolicited communications to parties; (4) implement a standalone internal Do-Not-Call list; and (5) train its personnel on using, abiding by the list, and other requirements of FTSA and TCPA.

52. The injuries to the Plaintiff and Public far outweigh any cost or harm to the Defendant(s) if enjoined from continuing this conduct.

53. Plaintiff respectfully requests this Honorable Court to enter an Order granting the relief outlined in the Prayer For Relief below.

**COUNT VI**
**<u>INTRUSION UPON THE SECLUSION AND PRIVACY OF PLAINTIFF</u>**

52. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

54. Defendant(s) knowingly contacted the Plaintiff on his private and personal cell phone having a number which has continuously been on the Federal Trade Commission's Do-Not-Call Registry since July 12, 2016, and on Florida's Do Not Call List since April 1, 2018.

55. Defendant(s)' repeated intrusion upon the solitude or seclusion into the privacy and conduct is highly offensive to any reasonable person and especially to Plaintiff.

56. Defendants ignored multiple requests and attempts to stop these and instead increased the calls with clearly for no other purpose but to harass Plaintiff.

57. Plaintiff respectfully requests this Honorable Court to enter an Order granting the relief outlined in the Prayer For Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

a) An order declaring that Defendant(s)' actions, as set forth above, violate the FTSA and TCPA;

b) An award of actual and statutory damages for the Plaintiff as applicable under the FTSA and TCPA;

c) An injunction requiring Defendant(s)' cease all further violations of the FTSA and TCPA;

d) An award of damages for the intrusion upon seclusion and invasion of privacy of Plaintiff by the tortious behavior of the Defendant(s) during the course of their statutory violations.

e) Such further and other relief as this honorable Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff renews his demand for the Defendant(s) take affirmative steps to preserve all records, lists, contracts, electronic databases, telephone numbers and records associated with the communications or transmittals as alleged herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2023, the foregoing Complaint, was filed on Florida Courts E-Filing Portal and sent to Blake Goodman as the registered agent for the Missouri registered SmartMatch Insurance Agency, LLC at 120 W 12th Street, Suite 1700, Kansas City, MO 64105 at Blake.Goodman@SpringVentureGroup.com and to its Florida registered agent on Sunbiz.org at C T Corporation System, 1200 south Pine Island Road, Plantation, FL 33324 for SmartMatch Insurance Agency, LLC, and its agents Mark Hunter at Mark.Hunter@SmartMatch.com and to Derek Daley at Derek.Daley@SmartMatch.com. To Nicholas Taskalos at onestepagencyinc@gmail.com and 301 Harbour Place Drive, Unit #311, Tampa, FL 33602. The Insurer Defendants: ACE Property and Casualty Insurance Company; AETNA Health Inc.; AETNA Life Insurance Company; Care Improvement Plus South Central Insurance Company; CarePlus Health Plans, Inc.; Humana Health Insurance Company of Florida, Inc.; Humana Insurance Company; Humana Medical Plan, Inc.; Nationwide Life and Annuity Insurance Company; Nationwide Life Insurance Company; Preferred Care Network, Inc.; Preferred Care Partners, Inc.; Silverscript Insurance Company; Simply Healthcare Plans, Inc.; Tier One Insurance Company; UnitedHealthcare Insurance Company; UnitedHealthcare of Florida, Inc.; and Wellpoint Life and Health Insurance Company to Florida's Chief Financial Officer through its online portal at https://apps.fldfs.com/LSOP/Account/Login.aspx pursuant to Fla. Stat. § 48.151(3).

DATED December 1, 2023

Respectfully Submitted,
*<u>/s/ John Burkholder</u>*
John Burkholder
4410 Seven Canyons Dr.
Kissimmee, FL 34746
John@BurkholderLaw.com
(954) 999-8003